UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 9, 2012

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No.** |
| | : | |
| | : | **Grand Jury Original** |
| v. | : | |
| | : | **Charges:** |
| | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| **HAKIM J. SUTTON,** | : | |
| | : | 26 U.S.C. § 7201 (Tax Evasion) |
| Defendant. | : | |
| | : | 26 U.S.C. § 7203 (Willful Failure to File a Tax Return) |
| | : | |
| | : | 1 D.C. Code §§ 1102.06, 1107.01 |
| | : | 1 D.C. Code §§ 1163.09, 1163.35 (Knowingly Filing False or Misleading Campaign Finance Report) |
| | : | |
| | : | 22 D.C. Code §§ 3211 and 3212(a) (Theft in the First Degree) |
| | : | |
| | : | **Criminal Forfeiture:** 18 U.S.C. § 981(a)(1)(C), 28 U.S.C § 2461(c), 21 U.S.C. § 853(p) |

**INDICTMENT**

The Grand Jury charges that:

At all times relevant to this Indictment:

1

## COUNTS ONE THROUGH FIVE
### (Wire Fraud)

### Relevant Persons and Entities

1. Defendant HAKIM J. SUTTON ("SUTTON") was the principal owner of the Sutton Group, located in Washington, D.C. Defendant SUTTON and the Sutton Group performed political consulting services in the District of Columbia and elsewhere.

2. Candidate A was a member of the Council of the District of Columbia ("D.C. Council"). Candidate A served as an at-large member of the D.C. Council from January 2009 through January 2, 2013. On November 6, 2012, Candidate A lost a bid for re-election as an at-large member of the D.C. Council.

3. Beginning on or around May 16, 2011, Campaign A was formed as the campaign committee to run the re-election campaign for Candidate A in a bid for re-election to an at-large seat on the D.C. Council. Defendant SUTTON was the treasurer and custodian of records for Campaign A.

4. PNC Bank was a financial institution that conducted business throughout the United States, including the District of Columbia. The headquarters for PNC Bank were located in Pittsburgh, Pennsylvania. On or about June 10, 2011, Defendant SUTTON opened a bank account (ending in -6096) through PNC Bank on behalf of Campaign A (hereinafter the "campaign bank account"). Both Defendant SUTTON and Candidate A were signatories on the campaign bank account.

5. HSBC Bank was a financial institution that conducted business throughout the United States, including the District of Columbia. The headquarters for HSBC Bank were located in New York, New York, and McLean, Virginia.

2

6. The Internal Revenue Service (hereinafter referred to as the "IRS") was an agency of the United States Department of Treasury responsible for the ascertainment, computation, assessment, and collection of federal taxes.

7. The District of Columbia Office of Campaign Finance ("OCF") was established within the District of Columbia Board of Elections and Ethics to administer and enforce laws pertaining to campaign finance operations, lobbying activities, conflict of interest matters, and financial disclosures by public officials.

### The Scheme to Defraud

8. From in or about May 2011 through in or about June 2012, in the District of Columbia and elsewhere, Defendant SUTTON devised and intended to devise a scheme to defraud Campaign A and others, and to obtain money owned by and under the custody and control of Campaign A, by means of false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme to Defraud

9. It was the purpose of the scheme to defraud that Defendant SUTTON would use his position as treasurer of Campaign A and his access to Campaign A's bank account to obtain money by fraud for Defendant SUTTON's personal benefit and use.

### Manner and Means

10. It was part of the scheme to defraud that, on or about May 16, 2011, Defendant SUTTON filed with OCF a "Statement of Acceptance of Position of Treasurer," accepting the position as Campaign A's treasurer. On or about May 16, 2011, Defendant SUTTON also filed with OCF a "Statement of Organization" for Campaign A that named Defendant SUTTON as Campaign A's treasurer and custodian of records.

3

11. It was a further part of the scheme to defraud that Defendant SUTTON solicited and obtained campaign contributions from donors on behalf of Campaign A. As treasurer of Campaign A, Defendant SUTTON deposited campaign contributions to Campaign A into the campaign bank account.

12. It was a further part of the scheme to defraud that Defendant SUTTON diverted approximately $115,250 from the campaign bank account to himself by (a) depositing funds drawn from the campaign bank account into his own personal bank accounts, and (b) converting funds drawn from the campaign bank account to cash. During the relevant period, while serving as the treasurer of Campaign A and in his capacity as a signatory on the campaign bank account, Defendant SUTTON wrote 36 checks payable to himself and drawn from the campaign bank account. Those 36 checks totaled $115,250.00, which Defendant SUTTON converted for his own personal use and benefit. The following chart summarizes the 36 checks that Defendant SUTTON issued to himself:

| APPROXIMATE DATE | CHECK # | AMOUNT | PAYEE |
|---|---|---|---|
| 7/13/2011 | 5565 | $5,000.00 | Hakim J. Sutton |
| 7/14/2011 | [Unnumbered] | $5,000.00 | Hakim J. Sutton |
| 7/16/2011 | 5566 | $5,000.00 | Hakim J. Sutton |
| 7/20/2011 | 5568 | $5,000.00 | Hakim J. Sutton |
| 7/22/2011 | 5569 | $5,000.00 | Hakim J. Sutton |
| 8/3/2011 | 5572 | $5,000.00 | Hakim J. Sutton |
| 8/9/2011 | 5573 | $5,000.00 | Hakim J. Sutton |
| 8/13/2011 | 5574 | $3,000.00 | Hakim J. Sutton |
| 8/29/2011 | 5575 | $5,000.00 | Hakim J. Sutton |
| 9/20/2011 | 5576 | $3,000.00 | Hakim J. Sutton |
| 10/6/2011 | 5577 | $2,000.00 | Hakim J. Sutton |
| 10/24/2011 | 5578 | $800.00 | Hakim J. Sutton |
| 11/1/2011 | 5579 | $1,500.00 | Hakim J. Sutton |
| 12/1/2011 | 5581 | $5,000.00 | Hakim J. Sutton |
| 12/1/2011 | 5582 | $5,000.00 | Hakim J. Sutton |
| 12/5/2011 | 5583 | $5,000.00 | Hakim J. Sutton |

| 12/7/2011 | 5584 | $5,000.00 | Hakim J. Sutton |
|---|---|---|---|
| 12/13/2011 | 5585 | $5,000.00 | Hakim J. Sutton |
| 12/21/2011 | 5586 | $5,000.00 | Hakim J. Sutton |
| 1/4/2012 | 5587 | $3,000.00 | Hakim J. Sutton |
| 2/1/2012 | 5588 | $2,500.00 | Hakim J. Sutton |
| 2/5/2012 | 5589 | $700.00 | Hakim J. Sutton |
| 2/15/2012 | 5590 | $2,500.00 | Hakim J. Sutton |
| 2/15/2012 | 5591 | $5,000.00 | Hakim J. Sutton |
| 2/27/2012 | 5593 | $2,000.00 | Hakim J. Sutton |
| 2/27/2012 | 5594 | $2,000.00 | Hakim J. Sutton |
| 3/7/2012 | 5598 | $2,000.00 | Hakim J. Sutton |
| 3/9/2012 | 5599 | $3,000.00 | Hakim J. Sutton |
| 3/12/2012 | 5600 | $2,000.00 | Hakim J. Sutton |
| 3/17/2012 | 5602 | $2,000.00 | Hakim J. Sutton |
| 3/19/2012 | 5603 | $3,000.00 | Hakim J. Sutton |
| 3/31/2012 | 5604 | $1,000.00 | Hakim J. Sutton |
| 4/1/2012 | 5609 | $2,000.00 | Hakim J. Sutton |
| 4/20/2012 | 5612 | $500.00 | Hakim J. Sutton |
| 4/24/2012 | 5615 | $1,000.00 | Hakim J. Sutton |
| 5/10/2012 | 5616 | $750.00 | Hakim J. Sutton |

13.   It was a further part of the scheme to defraud that, on or about December 23, 2010, Defendant SUTTON opened a personal bank account with HSBC Bank by providing a false social security number created by altering the third, fifth, and ninth digits of Defendant SUTTON's actual social security number. Defendant SUTTON utilized this personal bank account, along with another personal bank account he subsequently opened with HSBC Bank, to negotiate checks that he paid to himself from the campaign bank account, by depositing the checks, or currency obtained from cashing the checks, into his personal accounts.

14.   It was a further part of the scheme to defraud that Defendant SUTTON filed and caused to be filed campaign finance reports with OCF entitled, "Reports of Receipts and Expenditures for Candidate/Principal Campaign Committee," also known as "OCF Form 16," which included Schedules A and B.   The reports required Defendant SUTTON to report

accurately the itemized receipts and itemized operating expenditures for Campaign A during certain reporting periods. The reports also required Defendant SUTTON to report accurately the amount of funds available to Campaign A during the reporting periods. The reports filed by Defendant SUTTON on behalf of Campaign A did not accurately report itemized expenditures for Campaign A and the amount of funds available to Campaign A during the reporting periods:

    a. On or about August 1, 2011, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period February 1, 2011, through July 31, 2011. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $49,443.00 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $20,459.57 in available funds as of on or about August 1, 2011, as reflected in the account statements for the campaign bank account.

    b. On or about October 11, 2011, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period August 11, 2011, through October 10, 2011. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $52,381.50 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $1,676.99 in available funds as of on or about October 11, 2011, as reflected in the account statements for the campaign bank account.

    c. On or about December 12, 2011, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period October 11, 2011, through

December 10, 2011. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $84,407.73 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $7,090.56 in available funds as of on or about December 12, 2011, as reflected in the account statements for the campaign bank account.

    d. On or about January 31, 2012, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period August 1, 2011, through January 31, 2012. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $88,750.90 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $2,765.63 in available funds as of on or about January 31, 2012, as reflected in the account statements for the campaign bank account.

    e. On or about March 12, 2012, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period February 1, 2012, through March 10, 2012. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $111,177.25 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $3,953.33 in available funds as of on or about March 12, 2012, as reflected in the account statements for the campaign bank account.

f. On or about June 11, 2012, Defendant SUTTON electronically filed OCF Form 16 with OCF for Campaign A for the reporting period March 11, 2012, through June 10, 2012. In the report, Defendant SUTTON omitted from Campaign A's itemized expenditures the checks that Defendant SUTTON wrote to himself from the campaign bank account during the reporting period, and falsely reported that Campaign A had $115,515.25 in available funds, when in truth and in fact, as Defendant SUTTON well knew, Campaign A had approximately $2,928.65 in available funds as of June 11, 2012, as reflected in the account statements for the campaign bank account.

15. It was a further part of the scheme to defraud that Defendant SUTTON converted funds from the campaign bank account for his own personal use and benefit at various retailers, including Crate & Barrel, Vida Fitness, Universal Gear, Gucci, Ferragamo, Armani Exchange, the Apple Store, Amazon, Sprint, and Best Buy, and at various limousine and car services, including VIP Limousine, Celebrity Limousine, Zipcar, and Ubercab.

16. It was further part of the scheme to defraud that Defendant SUTTON used funds taken from the campaign bank account to pay for various trips, including hotel and air travel expenses, as well as to purchase goods and services in the locations where he traveled. These trips included travel to Martha's Vineyard, Massachusetts, and Fire Island, New York, in August 2011; Rehoboth Beach, Delaware, in September 2011; Las Vegas, Nevada, in December 2011; San Diego, California, and New York, New York, in February 2012; Miami Beach, Florida, in March 2012; and Greece in April 2012.

17. On or about the dates listed for each count below, in the District of Columbia and elsewhere, for the purpose of executing the aforementioned scheme and artifice and attempting to do so, the defendant, HAKIM J. SUTTON, did knowingly cause to be transmitted by means of

wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds specified below:

| Count | Approximate Date | Wire Communication |
|-------|------------------|--------------------|
| 1. | 7/14/2011 | Interstate wire communication incident to Defendant SUTTON causing a $5,000 check drawn on the campaign bank account to be deposited at a bank located in the District of Columbia. |
| 2. | 8/30/2011 | Interstate wire communication incident to Defendant SUTTON causing a $5,000 check drawn on the campaign bank account to be deposited at a bank located in the District of Columbia. |
| 3. | 12/01/2011 | Interstate wire communication incident to Defendant SUTTON causing a $5,000 check drawn on the campaign bank account to be deposited at a bank located in the District of Columbia. |
| 4. | 12/27/2011 | Interstate wire communication incident to Defendant SUTTON causing a $5,000 check drawn on the campaign bank account to be deposited at a bank located in the District of Columbia. |
| 5. | 2/15/2012 | Interstate wire communication incident to Defendant SUTTON causing a $5,000 check drawn on the campaign bank account to be deposited at a bank located in the District of Columbia. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## COUNT SIX
**(Tax Evasion)**

18. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as if set out in full.

19. During the calendar year 2011, the defendant, HAKIM J. SUTTON, a resident of the District of Columbia, had and received taxable income. Upon that taxable income, there was owing to the United States of America a substantial tax due. Well knowing the foregoing facts,

and failing to make an income tax return on or before April 17, 2012, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, Defendant SUTTON, from at least on or about January 1, 2010, the exact date being unknown to the Grand Jury, through on or about May 14, 2012, in the District of Columbia and elsewhere, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2011 by committing affirmative acts of evasion, including but not limited to opening multiple bank accounts with a false social security number, filing false campaign finance reports with the District of Columbia Office of Campaign Finance, and converting misappropriated funds to cash.

**(Income Tax Evasion, in Violation of Title 26, United States Code, Section 7201)**

## COUNT SEVEN
**(Willful Failure to File a Tax Return)**

20. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as if set out in full.

21. During the calendar year 2011, the defendant, HAKIM J. SUTTON, who was a resident of the District of Columbia, had and received gross income of at least $9,500. By reason of such gross income, Defendant SUTTON was required by law, following the close of the calendar year 2011 and on or before April 17, 2012, or at such other time as allowed by the Internal Revenue Service as a result of an extension, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, Defendant SUTTON did willfully fail, on or about April 17, 2012, in the District of Columbia and elsewhere, to make an income tax return, in violation of Title 26, United States Code, Section 7203.

**(Willful Failure to File a Tax Return, in Violation of Title 26, United States Code, Section 7203)**

## COUNTS EIGHT THROUGH TWELVE
**(Knowingly Filing False and Misleading Campaign Finance Report)**

22. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as if set out in full.

23. On or about the dates listed for each count below, in the District of Columbia, the defendant, HAKIM J. SUTTON, did knowingly and willfully file a false and misleading report, voucher, and other paper, and make a false and misleading statement to the District of Columbia Elections Board, through a campaign finance report entitled, "Reports of Receipts and Expenditures for Candidate/Principal Campaign Committee," also known as "OCF Form 16," which the defendant, HAKIM J. SUTTON, electronically filed with the District of Columbia Office of Campaign Finance.

| Count | Approximate Date |
|---|---|
| 8. | 8/1/2011 |
| 9. | 10/11/2011 |
| 10. | 12/12/2011 |
| 11. | 1/31/2012 |
| 12. | 3/12/2012 |

**(Knowingly Filing False and Misleading Campaign Finance Report, in violation of Title 1, District of Columbia Code, Sections 1102.06 and 1107.01 (subsequently amended in Title 1, District of Columbia Code, Sections 1163.09 and 1163.35))**

## COUNT THIRTEEN
**(Knowingly Filing False and Misleading Campaign Finance Report)**

24. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as if set out in full.

25. On or about June 11, 2012, in the District of Columbia, the defendant, HAKIM J. SUTTON, did knowingly and willfully file a false and misleading report, voucher, and other paper, and make a false and misleading statement to the District of Columbia Elections Board, through a campaign finance report entitled, "Reports of Receipts and Expenditures for Candidate/Principal Campaign Committee," also known as "OCF Form 16," which the defendant, HAKIM J. SUTTON, electronically filed with the District of Columbia Office of Campaign Finance.

**(Knowingly Filing False and Misleading Campaign Finance Report, in violation of Title 1, District of Columbia Code, Sections 1163.09 and 1163.35 (formerly Title 1, District of Columbia Code, Sections 1102.06 and 1107.01))**

## COUNT FOURTEEN
### (First Degree Theft)

26. Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as if set out in full.

27. Between on or about July 13, 2011, and on or about May 14, 2012, in the District of Columbia and elsewhere, the defendant, HAKIM J. SUTTON, wrongfully obtained property of another, to wit, Campaign A, in a value exceeding $1,000, with the intent to deprive Campaign A of a right to the property and a benefit of the property and to appropriate the property to his own use.

**(Theft in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3211 and 3212(a))**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Six, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c). The United States will seek a forfeiture money judgment against the defendant in the amount of $115,250.

    2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON

_(signature: Ronald C. Machen Jr. /DLC)_
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA